## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 13-61867-CIV-ROSENBAUM

ADIDAS AG, *et al.*,

      Plaintiffs,

v.

2013JEREMYSCOTTXADIDAS.COM, *et al.*,

      Defendants.

_____/

### ORDER ON MOTION FOR FINAL DEFAULT JUDGMENT

This cause is before the Court upon Plaintiffs' Motion for Entry of Final Default Judgment against Defendants. [ECF No. 30]. The Court has carefully considered the Motion and the entire case file, including the entry of default against Defendants [ECF No. 27], and is otherwise fully advised in the premises.

In the pending Motion [ECF No. 30], Plaintiffs seek the entry of default final judgment against Defendants[1] in an action alleging trademark counterfeiting and infringement, false designation of origin, cybersquatting, and common-law unfair competition. Plaintiffs further request that the Court (1) enjoin Defendants from producing or selling goods that infringe their trademarks; (2) disable, or at Plaintiffs' election, transfer the domain names at issue to Plaintiffs; and (3) award statutory damages and costs.

---

[1] Defendants are the Partnerships and Unincorporated Associations identified on Schedule "A" of Plaintiffs' Motion for Entry of Final Default Judgment. *See* ECF No. 30 at 21-24.

## I. INTRODUCTION

Plaintiffs sued Defendants for trademark counterfeiting and infringement; false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); cybersquatting under 15 U.S.C. §1125(d); and common-law unfair competition. The Complaint alleges that Defendants are promoting, advertising, distributing, offering for sale and selling counterfeit and infringing Plaintiffs' branded products within the Southern District of Florida through fully interactive commercial Internet websites operating under the domain names identified on Schedule "A" attached to Plaintiffs' Motion for Entry of Final Default Judgment (the "Subject Domain Names"). *See* ECF No. 30 at 21-24.

Plaintiffs further assert that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiffs because Defendants have (1) deprived Plaintiffs of their right to determine the manner in which their trademarks are presented to the public through merchandising; (2) defrauded the public into thinking Defendants' goods are goods authorized by Plaintiffs; (3) deceived the public as to Plaintiffs' association with Defendants' goods and the websites that market and sell the goods, and (4) wrongfully traded and capitalized on Plaintiffs' reputation and goodwill, as well as the commercial value of Plaintiffs' trademarks.

## II. BACKGROUND [2]

### A. Factual Background

Plaintiff adidas is the owner of the following valid and incontestable trademark registrations, issued by the United States Patent and Trademark Office (collectively, the "adidas Marks"):

---

[2] The factual background is taken from Plaintiffs' Complaint, Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction [ECF No. 5], Plaintiffs' Motion for Entry of Final Default Judgment Against Defendants, and supporting evidentiary submissions.

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| **ADIDAS** | 0,891,222 | **May 19, 1970** | **IC25 - sportswear namely, suits, shorts, pants, tights, shirts, gloves, and the like; jerseys; socks; sport shoes namely, track and field training shoes, basketball shoes, and tennis shoes.** |
|  | 0,973,161 | **November 20, 1973** | IC 13 - tote bags<br><br>**IC 25 - specific purpose athletic shoes; general purpose sport shoes, sports wear-namely, suits, shorts, pants, tights, shirts, jerseys, socks, and gloves.** |
|  | 1,300,627 | **October 16, 1984** | **IC 025 - sportswear namely, suits, shorts, pants, tights, shirts, jerseys, socks, gloves, jackets, coats, swimwear, sweaters, caps, pullovers, warm-up suits, rain suits, ski suits, jump suits, boots, shoes, slippers.** |
|  | 1,310,140 | **December 18, 1984** | **IC 025 - sportswear-namely, suits, shorts, pants, tights, shirts, jerseys, socks, gloves, jackets, coats, swimwear, sweaters, caps, pullovers, warm-up suits, rain suits, ski suits, jump suits, boots, shoes, slippers.** |
|  | 2,138,288 | **February 24, 1998** | IC 009 - eyeglasses and sunglasses.<br>IC 014 - watches and wrist watches. |
|  | 2,411,802 | **December 12, 2000** | **IC 018 - all purpose sport bags, athletic bags, traveling bags, backpacks, knapsacks, beach bags**<br><br>**IC 025 - sports and leisure wear, namely, shorts, pants, shirts, t-shirts, jerseys, tights, socks, gloves, jackets, swimwear, caps and hats, pullovers, sweat-shirts, sweat suits, track suits, warm-up suits, rain suits; boots, slippers, sandals, specific purpose athletic shoes and general all purpose sports shoes**<br><br>**IC 028 - sports balls and playground balls; guards for athletic use, namely, shin guards, knee guards and leg guards** |

-3-

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  | 3,104,117 | June 13, 2006 | **IC 009 - optical apparatus and instruments, namely, eyeglasses and sunglasses**<br><br>**IC 014 - horological and chronometric instruments, namely, watches**<br><br>**IC 018 - leather and imitations of leather, and goods made from these materials in the nature of bags for general and sport use, namely handbags, tote bags, waist packs, overnight bags, backpacks, knapsacks and beach bags; trunks; traveling bags for general and sport use; leather and imitations of leather and goods made from these materials, namely, wallets, briefcases, and key cases**<br><br>**IC 025 - sports and leisure wear, namely suits, shorts, pants, sweatpants, skirts, skorts, dresses, blouses, shirts, t-shirts, sleeveless tops, polo shirts, vests, jerseys, sweaters, sweatshirts, pullovers, coats, jackets, track suits, training suits, warm-up suits, swimwear, underwear, socks, gloves, scarves, wristbands and belts; headgear, namely caps, hats, visors, headbands; athletic footwear and leisure foot wear, namely boots, sandals, specific purpose athletic shoes and general purpose sports shoes** |

The adidas Marks are used in connection with the manufacture and distribution of goods in the categories identified above.  *See* ECF No. 5-1 at ¶ 5; ECF No. 5-2 (containing Certificates of Registrations for the adidas Marks at issue).

Plaintiff Reebok is the owner of the following valid and incontestable trademark registrations, issued by the United States Patent and Trademark Office (collectively, the "Reebok Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| **REEBOK** | **1,133,704** | **April 22, 1980** | **IC 25 - shoes for use in athletic sports** |
| **REEBOK** | **1,390,793** | **April 22, 1986** | **IC 18 - all purpose sport bags**<br>**IC 25 - sweatpants, shorts, sweaters, polo shirts, hats, visors, headbands, sweatbands, t-shirts, sweatshirts.** |
|  | **1,848,848** | **August 9, 1994** | **IC 018 - all purpose sport bags, duffel bags, tote bags, knapsacks, and shoulder bags.**<br>**IC 025 - footwear and apparel; namely, t-shirts, shirts, sweatshirts, sweaters, jackets, hats, visors, socks, sweatpants, pants, shorts, skirts, unitards, and leotards.** |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| RBK | 3,074,802 | March 28, 2006 | IC 09 - eyewear, namely, eyewear cases; eyewear cleaning cloths; sunglasses; protective helmets for hockey, and skating. IC 025 - footwear; headwear; apparel, namely, sweatpants, sweatshirts, shirts, shorts, sweaters, socks, jackets, sweat suits, warm-up suits, shooting shirts, fleece tops, tank tops, polo shirts, pants, athletic bras, leggings, skirts, turtlenecks, vests, dresses, athletic uniforms, gloves, infant wear, running suits. IC 028 - sports equipment, namely, basketballs, footballs, rugby balls, soccer balls, in-line skates, hockey skates; protective hockey equipment, namely shin pads, elbow pads, shoulder pads, and pants; protective in-line skating equipment, namely kneepads and elbow pads. |

The Reebok Marks are used in connection with the manufacture and distribution of goods in the categories identified above. *See* ECF No. 5-1 at ¶14; ECF No. 5-3 (containing Certificates of Registrations for the Reebok Marks at issue).

Plaintiff SLD is the owner of the following valid and incontestable trademark registration, issued by the United States Patent and Trademark Office (the "Mitchell & Ness Mark"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| MITCHELL & NESS | 2,860,283 | July 6, 2004 | IC 025 - sports jerseys, jackets, shirts, t-shirts, sweaters, caps, hats, head bands and wrist bands |

The Mitchell & Ness Mark is used in connection with the manufacture and distribution of goods in the categories identified above. *See* ECF No. 5-1 at ¶ 23; ECF No. 5-4 (containing a Certificate of Registration for the Mitchell & Ness Mark at issue).

Defendants, through the fully interactive commercial Internet websites operating under the Subject Domain Names, have advertised, promoted, offered for sale, or sold at least (i) footwear; sunglasses; sports balls; and sports and leisure wear, namely, shorts, shirts, jerseys, sweatshirts, socks, hats, jackets, and track suits bearing what Plaintiffs have determined to be counterfeits, reproductions or colorable imitations of the adidas Marks; (ii) footwear and apparel bearing what Plaintiffs have determined to be counterfeits, reproductions or colorable imitations of the Reebok Marks; and (iii) sports jerseys and hats bearing what Plaintiffs have determined to be counterfeits, reproductions or colorable imitations of the Mitchell & Ness Mark. *See* ECF No. 5-1 at ¶¶ 31-39. Although each Defendant may not copy and infringe each of Plaintiffs' individual trademarks for each category of goods protected, Plaintiffs have submitted sufficient evidence showing that each Defendant has infringed at least one or more of the trademarks at issue. *See* ECF No. 5-1 at ¶¶ 33-39; ECF No. 5-17 at ¶¶ 5-9; ECF No. 5-18 through ECF No 5-24. Defendants are not now, nor have they ever been authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the adidas Marks, Reebok Marks, or Mitchel & Ness Mark (collectively, "Plaintiffs' Marks."). *See* ECF No. 5-1 at ¶¶ 31, 38, 39.

Plaintiffs retained AED Investigations, Inc., and Aries Claims Services, both licensed private investigative firms, to investigate the sale of counterfeit versions of Plaintiffs' products by Defendants. *See* ECF No. 5-1 at ¶ 32; ECF No. 5-5 at ¶ 5; ECF No. 5-17 at ¶ 3; ECF No. 5-25 at ¶ 3. Eric Rosaler ("Rosaler"), an officer of AED Investigations, Inc., accessed the Internet websites

operating under the Subject Domain Names, cheapnbajerseywholesale.com and kevinshoes.com and placed orders for the purchase of various adidas-branded products, including a jersey and one pair of shoes—all bearing counterfeits of, at least, one of the adidas Marks at issue in this action.  *See* ECF No. 5-17 at ¶ 4; ECF No. 5-18.  Rosaler finalized payment for the adidas-branded jersey purchased through cheapnbajerseywholesale.com via credit card and finalized payment for the adidas-branded shoes purchased through kevinshoes.com via Western Union.  *See* ECF No. 5-17 at ¶ 4; ECF No. 5-18.  Rosaler also accessed the Internet websites operating under the Subject Domain Names, jerseysfreetax.com and wholesalejerseys4u.us, placed an order for the purchase of various Reebok-branded products, including two jerseys bearing counterfeits of at least one of the Reebok Marks at issue in this action.  *See* ECF No. 5-17 at ¶ 5; ECF No. 5-19.  Rosaler finalized payment for the Reebok-branded jerseys purchased through jerseysfreetax.com and wholesalejerseys4u.us via PayPal to the PayPal accounts, michaelwindebanker@yahoo.com and williamkinnaman@yahoo.com respectively.  *See* ECF No. 5-17 at ¶5; ECF No. 5-19.  Additionally, Rosaler accessed the Internet websites operating under the domain names fineworkshops.com, cheapnba-mart.com, and onlyjerseys.us, placed an order for the purchase of various Mitchell & Ness-branded products, including a jersey and two hats bearing counterfeits of at least one of the Mitchell & Ness Marks at issue in this action. *See* ECF No. 5-17 at ¶ 7; ECF No. 5-20.  Rosaler finalized payment for the Mitchell & Ness-branded jersey purchased through fineworkshops.com via PayPal to the PayPal account xubo198701@gmail.com, finalized payment for the Mitchell & Ness-branded hat purchased through cheapnba-mart.com via PayPal to the PayPal account janespanich@hotmail.com, and finalized payment for the Mitchell & Ness-branded hat purchased through onlyjerseys.us via PayPal to the PayPal account stevensalcedos@yahoo.com.  *See* ECF No. 5-17 at ¶ 7; ECF No. 5-20.

Further, Rosaler accessed Internet websites operating under the Subject Domain Names identified on the table below and went through the purchasing process[3] for various products, most of which bore counterfeits of at least one of Plaintiffs' respective Marks at issue in this action.[4]  *See* ECF No. 5-17 at ¶ 9; ECF No. 5-21 through 5-24.  Following submission of his orders, Rosaler received information for finalizing payment for each of the items ordered via PayPal or bank transfer to Defendants' respective PayPal or bank accounts[5] as follows:

| Domain Name | Payment Method | Account |
|---|---|---|
| 2013jeremyscottxadidas.com | Bank Transfer | Beneficiary Name: Jianshun Guo<br>Bank Name: Bank of China<br>Swift Code: BKCHCNBJ<br>Account Number: **** **** **** ***5 383 |
| 4footballshirts.com | PayPal | joejidsr16@gmail.com |
| 11proboots.com<br>copascarpedacalcio.com<br>predatorabsolado.com<br>predatorlzfootballboots.com<br>soccerkicksonfire.com | Bank Transfer | Bank Name: HSBC Bank(China) Company Limited,Xiamen Branch<br>Branch Location: Units 7-10,G/F,The Bank Centre,189 Xiamen 361003,P.R.China<br>Bank Country: China<br>Beneficiary: YAO JING<br>Beneficiary Address: FuJian China<br>Beneficiary Country: China<br>Swift Code: HSBCCNSHSIA<br>Account No: ********3406 |

---

[3] Rosaler intentionally did not finalize his purchases from the Internet websites so as to avoid contributing funds to Defendants' coffers.  *See* ECF No. 5-17 at ¶ 9, n. 4.

[4] Although all of the websites operating under the Subject Domain Names offer for sale Plaintiffs' respective branded items (*see* ECF No. 5-5 at ¶ 2), Rosaler intentionally did not as part of his investigative process order Plaintiffs' respective branded merchandise from some of the websites operating under the Subject Domain Names but instead ordered some merchandise not bearing Plaintiffs' trademarks.  Making purchases of mixed brands is a technique commonly used by investigators to avoid inadvertently tipping off the target that a brand owner is conducting an investigation. *See* ECF No. 5-5 at ¶ 5.

[5] The full account numbers of all financial institution accounts identified herein have been redacted to avoid disclosure of private financial information, in compliance with 5.2(a)(4), Fed. R. Civ. P.

| Domain Name | Payment Method | Account |
|---|---|---|
| 2013jeremyscottxadidas.com | Bank Transfer | Beneficiary Name: Jianshun Guo<br>Bank Name: Bank of China<br>Swift Code: BKCHCNBJ<br>Account Number: **** ****  **** ***5 383 |
| 4footballshirts.com | PayPal | joejidsr16@gmail.com |
| adidas-nike-jp.com | Bank Transfer | Beneficiary Institution: Bank Of China Putian Branch<br>Swift Code: BKCHCNBJ73C<br>Beneficiary Name: Xuesong Zhao<br>Beneficiary Telephone Number: 008613599556597<br>Beneficiary Account Number: ***************1764 |
| adidasoriginalssuperstar2.com | Bank Transfer | Beneficiary Bank: Bank Of China<br>Beneficiary Name: ZhiMin Lin<br>Swift Code: BKCHCNBJ73B<br>Bank Address: Quanzhou Brnch Of Bank Of China<br>Account Number: ***************9701 |
| adidasporschedesignbounce.com chaussureadidasporschedesign.com jeremyscottoriginals.com | Bank Transfer | Beneficiary Name: Jianping Wu<br>Beneficiary Bank: Bank of China Putian Branch<br>Swift Code: BKCHCNBJ73C<br>Bank Address: No.,108, Shuangfu Road, Chengxiang District, Putian, Fujian, ChinarnZip Code: 351100<br>Account Number: *******-****-***073-0 |
| adidassneaker.org | Bank Transfer | Beneficiary institution: Bank of China Putian Branch<br>Swift Code: BKCHCNBJ73C<br>Beneficiary Name: Wenxian Shen<br>Beneficiary Address : No.289, Zhenhai Street, Putian, Fujian, China<br>Bank Address: Wenxian road 192 Chenxiang borough Fujian Provice China<br>Account Number: ***************4662 |

| Domain Name | Payment Method | Account |
|---|---|---|
| 2013jeremyscottxadidas.com | Bank Transfer | Beneficiary Name: Jianshun Guo<br>Bank Name: Bank of China<br>Swift Code: BKCHCNBJ<br>Account Number: **** ****  **** ***5 383 |
| 4footballshirts.com | PayPal | joejidsr16@gmail.com |
| adidaswings4sales.com | Bank Transfer | Beneficiary Name: Haiqin Zhang<br>Swift Code: CMBCCNBS471<br>Bank Name: China Merchants Bank<br>Address: Shenzhen, China<br>Account Number<br>:************6391 |
| all-wholesaler.com | PayPal | jinyannizuimei@hotmail.com |
| all-wholesaler.com | Bank Transfer | Beneficiary Name: Yanghua Name: huang<br>Address: 933 Wenxian, Chengxiang District, Putian City, Fujian Province, China<br>Swift Code: BKCHCNBJ73C<br>Postal Code: 351100<br>Account number: **** **** **** ***9 257 |
| billigereeboksko.com<br>reebokprecios.com<br>reeboktilbud.com | Bank Transfer | Beneficiary institution: Bank of China Putian Branch<br>SWIFT: BKCHCNBJ73C<br>Beneficiary Name   Jinchun Huang<br>Address: 76 Wenxian Lu Putian<br> Bank Account: **** **** **** ***9 962 or ****** **** ****  ***9 962 |
| brownsneaks.com<br>rainbowsneaks.com | PayPal | ARLLEXO LIMITED |
| buyjerseys.us | PayPal | lindababber@yahoo.com |
| canada-jerseys.com | PayPal | snowewqoud@outlook.com |
| cr7soccersales.com | PayPal | worldtrades2014@gmail.com |

| Domain Name | Payment Method | Account |
|---|---|---|
| 2013jeremyscottxadidas.com | Bank Transfer | Beneficiary Name: Jianshun Guo<br>Bank Name: Bank of China<br>Swift Code: BKCHCNBJ<br>Account Number: **** **** ****<br>***5 383 |
| 4footballshirts.com | PayPal | joejidsr16@gmail.com |
| cr7soccersales.com | Bank Transfer | Bank Name : China Merchants Bank<br>Putian Branch<br>Swift Code : CMBCCNBS556<br>Bank Address : Licheng Road,<br>Putian , Fujian, China<br>Beneficiary Name: GuoShan Huang<br>Telephone: +86 15260959949<br>Bank Account :**** **** **** 8688 |
| danmarkreebok.com | Bank Transfer | Beneficiary institution: Bank of<br>China Putian Branch<br>Swift Code: BKCHCNBJ73C<br>Beneficiary Name: CHANGHUA LV<br>Address of the bank: Bank Of China<br>76,Winxian LU 351100 Putian China<br>Address of CHANGHUA LV:<br>Liyuan street, 351100, Putian, China<br>Account Number : ** **** ****<br>**** ***8 722 |
| dnike.com<br>wholesalebrand.org | Bank Transfer | Beneficiary's Name: Lin Rui Zhen<br>Inward Remittance Bank'Name:<br>Bank of China Quanzhou Branch,<br>BOC Mansion Fengze Street,<br>Quanzhou, Fujian, P.R. China<br>Swift Code: BKCHCNBJ73B<br>Account Number :<br>***************2955 |
| easytunereebok.com | Bank Transfer | Beneficiary institution: Bank of<br>China Putian Branch<br>Swift Code: BKCHCNBJ73C<br>Beneficiary Name: yanzhen shen<br>Address: 76 WinXian Lu PUTIAN<br>Account Number: **** **** ****<br>***9 526 |

| Domain Name | Payment Method | Account |
|---|---|---|
| 2013jeremyscottxadidas.com | Bank Transfer | Beneficiary Name: Jianshun Guo<br>Bank Name: Bank of China<br>Swift Code: BKCHCNBJ<br>Account Number: **** **** ****<br>***5 383 |
| 4footballshirts.com | PayPal | joejidsr16@gmail.com |
| exportroad.com | Bank Transfer | Bank Name: Bank Of China Putian Branch<br>Swift Code : BKCHCNBJ73C<br>payee : Zhou Wenhua<br><br>Beneficiary Telephone Number :<br>0018613559393182 / 00186137996225<br>73<br>Bank Address: Putian, Fujian, China<br>postcode: 351100<br>Account Number : *******--****--<br>***898--8 |
| goemwholesaler.com | Bank Transfer | Beneficiary Name: Tenglong Kang<br>Receiver Telephone: (+86)1803-001-<br>0620<br>Bank Name: Industrial And<br>Commercial Bank Of China<br>Bank Address: Dongdu Branch<br>Swift Code: ICBKCNBJSMM<br>Account Number: **** **** ****<br>***5167 |
| jeremyscottadidasaustralia.org | PayPal | paypalokpayment2654@yahoo.com |
| jeremyscottadidascollection.com<br>jeremyscottadidasxoriginals.us | Bank Transfer | Beneficiary Name: jialong Chen<br>Bank name: Putian Fenhang Jianshe<br>Yinhang China<br>Swift code: PCBCCNBJFJP<br>Bank Account Number: **** ****<br>**** ***0 294 |
| jerseybuy365.com | PayPal | hin.yip@gmail.com |
| jerseysfreetax.com | PayPal | cristiancamposer@yahoo.com |

| Domain Name | Payment Method | Account |
|---|---|---|
| 2013jeremyscottxadidas.com | Bank Transfer | Beneficiary Name: Jianshun Guo<br>Bank Name: Bank of China<br>Swift Code: BKCHCNBJ<br>Account Number: **** ****  ****  ***5 383 |
| 4footballshirts.com | PayPal | joejidsr16@gmail.com |
| jerseysshoppe.com<br>wholesalejerseycenter.com | Bank Transfer | Beneficiary Name: Wu Meizhu<br>Bank Name: Bank of china putian branch<br>Beneficiary Address: Putian, Fujian, China.<br>Swift Code: BKCHCNBJ73C<br>Company ADDESS: Putian City, Fujian Province. China<br>Bank Account: ****-****-****-***7-028 |
| kevinshoes.com | Bank Transfer | Beneficiary Name: Wu HuiHui<br>Bank Name: Bank Of China Guangzhou Huan<br>Bank Address: SHI XI ROAD SUB-BRANCH<br>SWIFT CODE: BKCHCN BJ400<br>Bank Account: **** **** **** ***9 941 |
| mercurialsuperfly8.com<br>messishoes2013.com | Bank Transfer | Beneficiary Name : tianhui weng<br>Bank : bank of China<br>Swift Code: BKCHCNBJ73C<br>Address: Putian, Fujian, China, 351100<br>Bank Account: **** **** **** ***1 053 |
| nfljerseysstock.com | Bank Transfer | Swift Code: BKCHCNBJ73C<br>Bank Name: Bank Of China (Putian Branch) Putian<br>Beneficiary Name: Hai Yan LIN<br>Address: putian City, Fujian Province, China<br>Postcode:351100<br>Account Number : **** **** **** ***8 060 |

| Domain Name | Payment Method | Account |
|---|---|---|
| 2013jeremyscottxadidas.com | Bank Transfer | Beneficiary Name: Jianshun Guo<br>Bank Name: Bank of China<br>Swift Code: BKCHCNBJ<br>Account Number: **** **** **** ***5 383 |
| 4footballshirts.com | PayPal | joejidsr16@gmail.com |
| ralphlaurenus.com | Bank Transfer | Beneficiary Name: YiLan, Wu<br>Bank Name: Bank of China NanChang Branch<br>Swift Code. BKCHCNBJ550<br>Address: NO.376 , Jie Fang Road, The Town Of XinJian, JiangXi Province, China<br>Account Number. ***************3612 |
| shirtforsoccer.com soccershirtsupplier.com | Bank Transfer | Bank Of China Baiyun Golf Sub-Branch Guangzhou<br>Address : No.124 Huang Shi Dong Road Baiyun Golf Garden The 1st Floor Of<br>Yingyue Building Guangzhou China<br>Swift Code: BKCHCN BJ400<br>Telex Code: 441042 GDBOC CN<br>Beneficiary's Name: Li Dongcai<br>Account No: ******* ******* *34 75 |
| skoronline.org | Bank Transfer | Beneficiary institution: Bank of China Putian Branch<br>Swift Code: BKCHCNBJ73C<br>Beneficiary Name: Qiang Lin<br>Beneficiary Address : West of 1069 Road Wenxian, Putian, Fujian, China<br>Account Number: ***************5037 |

| Domain Name | Payment Method | Account |
|---|---|---|
| 2013jeremyscottxadidas.com | Bank Transfer | Beneficiary Name: Jianshun Guo<br>Bank Name: Bank of China<br>Swift Code: BKCHCNBJ<br>Account Number: **** **** **** ***5 383 |
| 4footballshirts.com | PayPal | joejidsr16@gmail.com |
| sneakersalesclub.com | Bank Transfer | Bank Name: Bank Of China Putin Branch<br>Swift Code: BKCHCNBJ73C<br>Beneficiary Name: Liu Guanyou<br>Beneficiary Telephone: 13599451495<br>Beneficiary Address: Putian City Fujian Province China<br>Beneficiary Account: ***************2344 |
| soccerbootoutlet.com | Bank Transfer | Swift Code: BKCHCNBJ73C<br>Bank Name: Bank Of China<br>Beneficiary Name: Cai Yusang<br>Phone number:8615860051772<br>Account Number: ***************9669 |
| soccerjerseys1store.com | Bank Transfer | Bank Name: Bank of China<br>Beneficiary Name: Yang Zhigang<br>Swift code: BKCHCNBJ45A<br>Account Number: ***************9920 |
| soccer-wholesale.com | Bank Transfer | Bank Name: Bank Of China, Wan Guo Plaza SB-BRANCH<br>Beneficiary Name: Pang Hai Wen.<br>SWIFT code: BKCHCNBJ400.<br>Bank Address: No.131 Jiang Nan Da Dao Zhong Road, GuangZhou, China.<br>Account Number: ********-****-***309-0 |
| sparta7.com | PayPal | pay@beebond.com |
| sportjerseysfactory.com<br>teamjerseysfactory.com | PayPal | allingsoong@hotmail.com |
| teamjerseysfactory.com | PayPal | musyearslk@hotmail.com |

| Domain Name | Payment Method | Account |
|---|---|---|
| 2013jeremyscottxadidas.com | Bank Transfer | Beneficiary Name: Jianshun Guo<br>Bank Name: Bank of China<br>Swift Code: BKCHCNBJ<br>Account Number: **** **** ****<br>***5 383 |
| 4footballshirts.com | PayPal | joejidsr16@gmail.com |
| styleaaa.com | Bank Transfer | Swift Code: BKCHCNBJ73A<br>Bank Name: bank of china xiamen<br>GaoKeJiYuan br.<br>Beneficiary Name: Ke Shan Hong<br>Beneficiary's Address: 1002RM<br>NO.43 Changhaoyili, Huli District<br>Xiamen City China<br>Account Number:<br>***************2154 |
| thisjerseysb.com | PayPal | lcyh2626@163.com |
| uniformfootball.com | PayPal | jinta-int@hotmail.com |
| uniformfootball.com | Bank Transfer | Beneficiary  Bank: China Merchants<br>Bank, H.O. Shenzhen, China,<br>SWIFT Code: CMBCCNBS<br>Beneficiary Name: jian fang<br>Account Number:<br>************9985 |
| wholesale-soccerjersey.com | Bank Transfer | Beneficiary Name: Youwen Feng<br>Beneficiary Telephone:13580516001<br>Bank Name: ICBC<br>Bank Address: Layer 1,Building<br>Comprehensive<br>Information, Gungzhou University<br>Town, District Panyu, Guangzhou<br>Swift Code: ICBKCNBJGDG<br>Account Number:<br>***************7203 |

| Domain Name | Payment Method | Account |
|---|---|---|
| 2013jeremyscottxadidas.com | Bank Transfer | Beneficiary Name: Jianshun Guo<br>Bank Name: Bank of China<br>Swift Code: BKCHCNBJ<br>Account Number: **** **** ****<br>***5 383 |
| 4footballshirts.com | PayPal | joejidsr16@gmail.com |
| wholesale-soccer-jersey168.com | Bank Transfer | Beneficiary Name:Yanyi Feng<br>Beneficiary Telephone: 15813358577<br>Bank Name: ICBC<br>Bank Address: Layer 1,Building Comprehensive Information,Gungzhou University Town, District Panyu, Guangzhou<br>Swift Code: ICBKCNBJGDG<br>Account Number:<br>***************4784 |

Kathleen Burns, a partner of Aries Claims Services, accessed the Internet websites operating under the Subject Domain Names identified in the table below, and went through the purchasing process via each website for various products, most of which bore Plaintiffs' respective Marks at issue in this action.[6]  *See* ECF No. 5-16 at ¶ 4; ECF No. 5-17.  Following submission of her orders, Burns received information for finalizing payment for each of the various products ordered via PayPal or bank transfer to Defendants' respective PayPal or bank accounts[7] as follows:

---

[6] Although all of the websites operating under the Subject Domain Names offer for sale Plaintiffs' respective branded items (*see* ECF No. 5-5 at ¶ 2), Burns intentionally did not order Plaintiffs' respective branded merchandise from some of the websites operating under the Subject Domain Names as part of her investigative process to avoid inadvertently tipping off the target that a brand owner is conducting an investigation.  *See* ECF No. 5-5 at ¶ 5; ECF No. 5-25 at ¶ 4, n. 1.

[7] The full account numbers of all financial institution accounts identified herein have been redacted to avoid disclosure of private financial information, in compliance with 5.2(a)(4),  Fed. R. Civ. P.

| Domain Name | Payment Method | Account |
|---|---|---|
| fussball-schuhe.org | Bank Transfer | Bank of China<br>Account Name: Xingong Yang<br>Swift Code: BKCHCNBJ73C<br>Bank Account Number:<br>***************4247 |
| chaussuresadidasjeremyscott.com | PayPal | malljrerescomychaussure@gmail.com |
| cheapnbajerseywholesale.com | PayPal | ourbestsale@hotmail.com |
| clothingwholesaletrade.com | Bank Transfer | Bank of China<br>Account Name: Lu Shengjun<br>Swift Code: bk chcnbj73c<br>Bank Account Number:<br>***************7574 |
| f10-adizerotrx.com<br>kobe8lakers.com<br>newadizeroiii.com | Bank Transfer | HSBC Bank (China) Company Limited<br>Account Name: Yao Jing<br>Swift Code: HSBCCNSHSIA<br>Bank Account Number: ********3406 |
| nikeairmaxdeals4u.com | PayPal | Damian4Cornick@hotmail.com |
| nikeairmaxtnsko.com | PayPal | didido89@gmail.com |
| jerseyssupply.us | PayPal | lindababber@yahoo.com |
| nikevipjerseys.com | PayPal | hebahetp9@hotmail.com |
| shoppingwholesalenfl.com | PayPal | ericaceballose@yahoo.com |
| wholesalejerseys4u.us | PayPal | taraleonardi@yahoo.com |

Thereafter, the detailed web page listings and images of the adidas-branded jersey and shoes, the Reebok-branded jerseys, and the Mitchell & Ness-branded jersey and hats purchased by Rosaler from Defendants via the Internet websites operating under the Subject Domain Names cheapnbajerseywholesale.com, kevinshoes.com, jerseysfreetax.com, wholesalejerseys4u.us, fineworkshops.com, cheapnba-mart.com, and onlyjerseys.us were reviewed by Plaintiffs'

representative, who determined that the products were non-genuine, unauthorized versions of Plaintiffs' products.  *See* ECF No. 5-1 at ¶¶ 33, 35, 37, 39.  Plaintiffs' representative also reviewed and visually inspected Defendants' Websites, as well as pictures of the items bearing the adidas Marks, Reebok Marks, and Mitchell & Ness Mark offered for sale by Defendants under their Internet websites operating under the Subject Domain Names, and likewise determined that the products offered for sale were non-genuine, unauthorized versions of Plaintiffs' products.  *See* ECF No. 5 t at ¶¶ 38-39; ECF No. 5-6 through ECF No. 5-12, Defendants' Internet websites operating under the Subject Domain Names.

### B. Procedural Background

On August 28, 2013, Plaintiffs filed their Complaint against Defendants.  *See* ECF No. 1. On September 6, 2013, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order restraining transfer of Assets tied to the Counterfeiting Operation ["Application for Temporary Restraining Order"].  *See* ECF No. 5.  On September 19, 2013, the Court entered an Order granting Plaintiffs' Application for Temporary Restraining Order. *See* ECF No. 8.  On December 4, 2013, Plaintiffs filed their Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ["Motion for Alternate Service of Process"].  *See* ECF No. 19.  The Court entered an Order granting Plaintiffs' Motion for Alternate Service of Process on December 5, 2013.  *See* ECF No. 20.  Pursuant to the Court's Order Authorizing Alternate Service of Process, on December 6, 2013, Plaintiffs served each Defendant with a copy of the Summons and Complaint via electronic mail ("e-mail") and via publication service.  *See* ECF No. 30-1 at ¶ 6; ECF No. 23-25 (containing Proofs of Service as to Defendants).

As of the date of this Order, Defendants have failed to respond to the Complaint, despite the fact that the record reflects that Defendants were served in this case on December 6, 2013.  *See* ECF No. 23-2.  On January 31, 2014, Plaintiffs filed their Request for Clerk's Entry of Default [ECF No. 26], and the Clerk subsequently entered a default against each Defendant on January 31, 2014, for failure to appear, plead, or otherwise defend pursuant to Rule 55(a), Fed. R. Civ. P.  *See* ECF No. 27.  Plaintiffs then moved for entry of Final Default Judgment.  *See* ECF No. 30.  On February 19, 2014, the Court issued an Order directing counsel for Plaintiff to serve a copy of the Order and the Motion for Default Judgment on Defendants so that they could respond to the motion if they wished to do so.  ECF No. 31.  The Court provided Defendant with seven days from the date of service to respond to the Motion for Default Judgment and directed Plaintiffs to file a notice with the Court certifying the date upon which such service had been accomplished.  *Id.*  The Order also specifically warned that Defendants' "failure to timely respond may result in the granting of Plaintiffs' Motion and the immediate entry of a default judgment." *Id.*  Plaintiffs certified that they served Defendants with the Motion for Default Judgment on February 20, 2014.  ECF No. 32.  To date, however, Defendants have not responded to the Motion for Default Judgment, nor have Defendants responded to the Complaint.

### III. DEFAULT JUDGMENT STANDARD

Under Rule 55, Fed.R.Civ.P., if a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party.  Fed.R.Civ.P. 55(a).  Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant.  Fed.R.Civ.P. 55(b).

By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although facts are admitted as true, conclusions of law are not; a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment. *Nishimatsu*, 515 F.2d at 1206.

## IV. ANALYSIS

### A. Claims

#### 1. Trademark Counterfeiting and Infringement Under 15 U.S.C. § 1114 (Count I)

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. In order to prevail on their trademark infringement claim under Section 32 of the Lanham Act, Plaintiffs must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiffs' trademark, such that consumers were likely to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

#### 2. False Designation of Origin Under 15 U.S.C. § 1125(a) (Count II)

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiffs must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any

false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiffs. 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim—i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992).

### 3. Cybersquatting Under 15 U.S.C. § 1125(d) (Count III)

The Anticybersquatting Consumer Protection Act ("ACPA") protects the owner of a distinctive or famous trademark from another's bad faith intent to profit from the trademark owner's mark by registering or using a domain name that is identical or confusingly similar to, or dilutive of, the trademark owner's mark without regard to the goods or services of the parties. *See* 15 U.S.C. § 1125(d). "To prevail under the ACPA, a plaintiff must prove that (1) its mark is distinctive or famous and entitled to protection; (2) the defendant's domain name is identical or confusingly similar to the plaintiff's mark; and (3) the defendant registered or used the domain name with a bad faith intent to profit." *Bavaro Palace, S.A. v. Vacation Tours, Inc.*, 203 F. App'x 252, 256 (11th Cir. 2006) (citing *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001)).

### 4. Common -Law Unfair Competition (Count IV)

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, No. 83–8381–Civ-Paine, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false

-23-

designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983.)".); *see also Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 2d 1004, 1010 (5th Cir. 1975) ("As a general rule . . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

## B. Liability

The well-pled factual allegations of Plaintiffs' Complaint properly allege the elements for each of the claims described above. *See* ECF No. 1 at ¶¶ 12-21, 48-63, 68-72, 78-81, 85-87, 92-94. Moreover, the factual allegations in Plaintiffs' Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, default judgment pursuant to Rule 55, Fed. R. Civ. P., is appropriate.

## C. Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g.*, *Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1222–23 (S.D. Fla. 2004). Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp.

2d. 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.")

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392–93 (2006). Plaintiffs have carried their burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiffs' Complaint alleges that Defendants' unlawful actions have caused Plaintiffs irreparable injury and will continue to do so if Defendants are not permanently enjoined. *See* ECF No. 1 at ¶¶ 65, 75, 83, 90, 95. Further, the Complaint alleges, and the submissions by Plaintiffs show, that the goods promoted, advertised, offered for sale, and sold by Defendants are nearly identical to Plaintiffs' genuine products and that consumers viewing Defendants' counterfeit goods post-sale would actually confuse them for Plaintiffs' genuine products. *See* ECF No. 1 at ¶ 56. "The net effect of Defendants' actions will cause confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Plaintiffs." *See* ECF No. 1 at ¶ 49.

Plaintiffs have no adequate remedy at law so long as Defendants continue to operate the Subject Domain Names because Plaintiffs cannot control the quality of what appears to be its products in the marketplace. *See* ECF No. 1 at ¶¶ 64, 78, 95. An award of monetary damages alone will not cure the injury to Plaintiffs' reputation and goodwill that will result if Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiffs face hardship from loss of sales and their inability to control their reputations in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiffs' trademarks, which is an illegal act.

Finally, the public interest supports the interest in the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' products. *See Nike, Inc. v. Leslie*, No. 85-960 Civ-T-15, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.").

The Court's broad equity powers allow it to fashion injunctive relief necessary to stop the Defendants' infringing activities. *See, e.g.*, *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole."). District courts are expressly authorized to order the transfer or surrender of domain names in an *in rem* action

-26-

against a domain name.  *See* 15 U.S.C. § 1125(d)(1)(C), (d)(2).  However, courts have not limited

the remedy to that context.  *See, e.g.*, *Philip Morris USA v. Otamedia Ltd.*, 331 F. Supp. 2d 228,

230–31 (S.D.N.Y. 2004) (transferring Yesmoke.com domain name to plaintiff despite the fact that

plaintiff did not own a trademark in the term "Yesmoke" and noting that 15 U.S.C. § 1125 "neither

states nor implies that an *in rem* action against the domain name constitutes  the  exclusive  remedy

for a plaintiff aggrieved by  trademark violations  in cyberspace"); *Ford Motor Co. v. Cross*, 441

F. Supp. 2d 837, 853 (E.D. Mich. 2006) (ordering the defendants to disclose all other domain

registrations held by them and to transfer registration of a particular domain name to plaintiff in part

under authority of 15 U.S.C. § 1116(a)).

Defendants have created an Internet-based counterfeiting scheme in which they are profiting

from their deliberate misappropriation of Plaintiffs' rights.  Accordingly, the Court may fashion

injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities.

Ordering the cancellation or transfer of the domain names at issue to Plaintiffs,[8] where they may be

disabled from further use as platforms for the sale of counterfeit goods, is appropriate to achieve this

end.

---

[8]  Plaintiffs are not requesting that the Court grant transfer of the domain names all-wholesaler.com, buyjerseys.us, canada-jerseys.com, cheapnbajerseywholesale.com, cheapnba-mart.com, dnike.com, exportroad.com, jerseysfreetax.com, jerseyssupply.us, nikevipjerseys.com, okshopshoes.com, onlyjerseys.us, sportjerseysfactory.com, teamjerseysfactory.com, thisjerseysb.com, wholesalebrand.org, and wholesalejerseys4u.us, because these domain names and associated websites are subject to an order of another district court in an unrelated action by a different trademark owner.  Additionally, Plaintiffs are not requesting transfer of the domain names, billige-nike-fussballschuhe.com, clothingwholesaletrade.com, copascarpedacalcio.com, newadizeroiii.com, and styleaaa.com, because the registrations for the domain names have expired.  While Plaintiffs are seeking monetary judgment and a permanent injunction from the Defendants previously operating those domain names, Plaintiffs are not seeking those domain names be transferred. Accordingly, Plaintiffs only seek transfer of the domain names identified on Schedule "B" Plaintiffs' Motion for Entry of Final Default Judgment [*See* ECF No. 30 at 24-25].

### D. Statutory Damages for the Use of Counterfeit Marks

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good.  15 U.S.C. § 1117(c)(1).  In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good.    15 U.S.C. § 1117(c)(2).  Pursuant to 15 U.S.C. § 1117(c), Plaintiffs have elected to recover an award of statutory damages as to Count I of the Complaint.

The Court has wide discretion to determine the amount of statutory damages.  *Petmed Express, Inc.*, 336 F. Supp. 2d at 1219 (*citing Cable/Home Commc'n Corp. v. Network Prod.*, Inc., 902 F.2d 829, 852 (11th Cir. 1990)).  An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent."); *Playboy Enter., Inc. v. Universal Tel-A-Talk*, *Inc.*, No. Civ. A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits).  Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain.  *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also Petmed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory

damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

Here, the allegations in the Complaint, which are taken as true, clearly establish Defendants intentionally copied Plaintiffs' Marks for the purpose of deriving the benefit of Plaintiffs' world-famous reputation. Regardless, Defendants have defaulted on Plaintiffs' allegations of willfulness. *See* ECF No. l at ¶ 55; *See also Arista Records, Inc. v. Beker Enter., Inc*., 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (finding that a court may infer willfulness from the defendants' default); *see also Petmed Express, Inc.*, 336 F. Supp. 2d at 1217 (upon default, well plead allegations taken as true)). As such, the Lanham Act permits the Court to award up to $2,000,000 dollars per infringing mark on each type of good as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.

The only available evidence in this case demonstrates that Defendants distributed, advertised, offered for sale, or sold at least eleven types of goods—footwear, suits, jerseys, socks, shirts, jackets, caps, shorts, sweatshirts, sunglasses, and sports balls—bearing marks that were in fact counterfeits of the adidas Marks protected by seven federal trademark registrations for such goods; at least three types of goods—footwear, caps, and jerseys—bearing marks that were in fact counterfeits of the Reebok Marks protected by four federal trademark registrations for such goods; and at least two types of goods—sports jerseys and caps—bearing a mark that was in fact a counterfeit of the Mitchell & Ness Mark protected by one federal trademark registration for such goods. *See* ECF No. 1 at ¶¶ 22-23, 31-32, 40, 48, 69-71; ECF No. 5-1 at ¶¶ 37-39. Based on the above considerations, Plaintiffs have asked the Court to begin with the baseline statutory minimum award of $3,000.00 per trademark infringed, treble that amount in light of Defendants' willful infringement, and again

double it for purposes of deterrence.  This yields $18,000.00 in statutory damages per trademark infringed.  Twelve marks were infringed across all the goods counterfeited, so Plaintiffs are entitled to $2,178,000.00 in statutory damages.  The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiffs' trademarks, compensate Plaintiffs, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court finds that this award of statutory damages is just.

### E. Statutory Damages for Cybersquatting

Plaintiffs' Complaint also sets forth a cause of action for cybersquatting pursuant to the ACPA, 15 U.S.C. §1125(d).  As admitted by default, and established by the evidence submitted, twelve Defendants have acted with the bad-faith intent to profit from the adidas Marks or Reebok Marks and the goodwill associated with the adidas Marks and Reebok Marks by registering their respective Subject Domain Names, 2013jeremyscottxadidas.com (Defendant 1); adidasjeremyscottsaustralia.com and jeremyscottadidasaustralia.org (Defendant 4); adidas-nike-jp.com, for its domain name adidas-nike-jp.com (Defendant 5); adidasoriginalssuperstar2.com and adidassuperstar2.com (Defendant 6); adidasporschedesignbounce.com and chaussureadidasporschedesign.com (Defendant 7); adidassneaker.org, for its domain name adidassneaker.org (Defendant 8); adidaswings4sales.com, for its domain name adidaswings4sales.com (Defendant 9); billigereeboksko.com, reebokprecios.com, and reeboktilbud.com (Defendant 12); chaussuresadidasjeremyscott.com (Defendant 17); danmarkreebok.com (Defendant 23); easytunereebok.com (Defendant 25); and jeremyscottadidascollection.com and jeremyscottadidasxoriginals.us (Defendant 29) (the "Infringing Subject Domain Names").

*See* ECF No. 1 at ¶¶ 57-58. Each of the Infringing Subject Domain Names incorporates one or more of adidas or Reebok's trademarks in its entirety, surrounded by descriptive or generic terms, rendering the domain names nearly identical to adidas or Reebok's trademarks.

Upon a finding of liability, the ACPA expressly empowers the Court to "order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(1)(c); *Victoria's Cyber Secret Ltd. P'ship v. Secret Catalogue, Inc.*, 161 F. Supp. 2d 1339, 1356 (S.D. Fla. 2001). Accordingly, Plaintiffs are entitled to the transfer and ownership of Defendants' Infringing Subject Domain Names because they are confusingly similar to the adidas Marks or Reebok Marks.

Additionally, Plaintiffs may elect at any time before final judgment to recover actual damages or statutory damages of not less than $1,000.00 and not more than $100,000.00 per domain name, as the court considers just. 15 U.S.C. § 1117(d). Plaintiffs have elected statutory damages and request, in view of Defendants' intentional, wrongful behavior, an award in the amount of $10,000.00 for each of the Infringing Subject Domain Names, for a total award of $10,000.00 against 2013jeremyscottxadidas.com (Defendant 1), for its domain name 2013jeremyscottxadidas.com; $20,000.00 against adidasjeremyscottsaustralia.com (Defendant 4), for its domain names adidasjeremyscottsaustralia.com and jeremyscottadidasaustralia.org; $10,000.00 against adidas-nike-jp.com (Defendant 5), for its domain name adidas-nike-jp.com; $20,000.00 against adidasoriginalssuperstar2.com (Defendant 6), for its domain names adidasoriginalssuperstar2.com and adidassuperstar2.com; $20,000.00 against

adidasporschedesignbounce.com (Defendant 7), for its domain names adidasporschedesignbounce.com and chaussureadidasporschedesign.com; $10,000.00 against adidassneaker.org (Defendant 8), for its domain name adidassneaker.org; $10,000.00 against adidaswings4sales.com (Defendant 9), for its domain name adidaswings4sales.com; $30,000.00 against billigereeboksko.com (Defendant 12), for its domain names billigereeboksko.com, reebokprecios.com, and reeboktilbud.com; $10,000.00 against chaussuresadidasjeremyscott.com (Defendant 17), for its domain name chaussuresadidasjeremyscott.com; $10,000.00 against danmarkreebok.com (Defendant 23), for its domain name danmarkreebok.com; $10,000.00 against easytunereebok.com (Defendant 25), for its domain name easytunereebok.com; and $20,000.00 against jeremyscottadidascollection.com (Defendant 29), for its domain names, jeremyscottadidascollection.com and jeremyscottadidasxoriginals.us. *See Taverna Opa Trademark Corp. v. Ismail*, No. 08-20776-CIV, 2010 WL 1838384, at *3 (S.D. Fla. May 6, 2010) (awarding $10,000.00 in statutory damages for domain name at issue). The Court finds that these amounts are reasonable and therefore awards such damages.

### F. Costs

Plaintiffs also request that the Court award costs in the total amount of $750.00 consisting of the filing fee ($400.00) and the process server fee ($350.00). *See* ECF No. 30-1 ¶¶ 13-14. Plaintiffs are entitled to these costs. 28 U.S.C. § 1920.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Entry of Final Default Judgment Against Defendants [ECF No. 30] is

GRANTED.  Counsel for Plaintiffs is directed to serve this Order on Defendants.  Pursuant to Rule 58(a), Fed. R. Civ. P., a separate final judgment will be entered in this case.

　　　　**DONE and ORDERED** in Fort Lauderdale, Florida, this 28th day of February 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record